ANNA K. SPENCER, APPELLANT, *v.* HARRAH'S INCORPORATED; NEVADA INDUSTRIAL COMMISSION, RESPONDENTS.

No. 12710

March 3, 1982                                         641 P.2d 481

*Goedert & Van Walraven,* Reno, for Appellant.

*Vargas & Bartlett,* Reno, for Respondent Harrah's Incorporated.

*Robert Gibb,* Carson City, for Respondent Nevada Industrial Commission.

---

[3]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19(1)(c), SCR 10.

**OPINION**

*Per Curiam:*

Appellant, Anna K. Spencer, appeals from judgment of the district court, denying her claim for worker's compensation death benefits. Anna's husband, John A. Spencer, was employed as a parts runner by Harrah's Incorporated from 1972 until his death in 1977. He had been a victim of severe heart disease for several years prior to his employment with Harrah's. In June, 1977, while selling car parts at a Harrah's-sponsored "swap meet," Mr. Spencer suffered a heart attack and died. His wife sought recovery of worker's compensation death benefits pursuant to NRS 616.615.

The Hearings Examiner for the Nevada Industrial Commission (NIC) denied appellant's claim, finding that because Mr. Spencer's death was caused by myocardial infarction and coronary arteriosclerosis, his death was not a compensable injury. NRS 616.110(2).[1] This decision was affirmed on review by the Commissioners. An Appeals Officer reversed the decision of the NIC, finding that the hot and windy weather and Mr. Spencer's activities at the swap meet aggravated his heart condition and thereby rendered his death compensable under the worker's compensation scheme. Harrah's filed a petition for review in the district court pursuant to NRS 233B.140. Although the district court judge also found a causal relationship between John Spencer's work at the swap meet and his

---

[1]NRS 616.110 provides:

    1. "Injury" and "personal injury" means a sudden and tangible happening of a truamatic nature, producing an immediate or prompt result, and resulting from external force, including injuries to artificial members. . . .

    2. For the purposes of this chapter, coronary thrombosis, coronary occlusion, or any other ailment or disorder of the heart, and any death or disability ensuing therefrom, shall not be deemed to be an injury by accident sustained arising out of and in the course of the employment.

heart attack, he determined that NRS 616.110(2) precluded recovery under the facts of this case. We agree with the trial court's determination and affirm.

Appellant contends that heat exhaustion and dehydration which Mr. Spencer evidently suffered at the swap meet precipitated his heart attack. According to appellant, these events constitute an "injury"[2] by "accident"[3] sustained in the course of Mr. Spencer's employment,[4] and thus render his death compensable despite the fact that the actual cause of death was Mr. Spencer's long-standing heart condition. *See* NRS 616.270. We recognize that preexisting illness normally will not bar a claim if the employment aggravates, accelerates or combines with the disease process to trigger disability or death. Nevada Industrial Commission v. O'Hare, 76 Nev. 107, 349 P.2d 1058 (1960), 1 Larson *Workmen's Compensation Law,* § 12.20 (1978). We also recognize the humanitarian motive behind the enactment of the worker's compensation scheme, which compels a liberal construction in favor of claimants. Nevada Industrial Commission v. Peck, 69 Nev. 1, 239 P.2d 244 (1952); Nevada Industrial Commission v. Adair, 67 Nev. 259, 217 P.2d 348 (1950). And indeed, as appellant indicates, courts in other jurisdictions have granted worker's compensation claims under like circumstances. *See e.g.,* Johns-Manville Corp. v. Industrial Commission, 326 N.E.2d 389 (Ill. 1975); Eslinger v. Miller Bros. Co., 315 S.W.2d 261 (Tenn. 1958).

The courts in these jurisdictions, however, were not faced with a statute akin to NRS 616.110(2). We find the provisions of NRS 616.110(2) clear and unambiguous. We are not empowered, therefore, to go beyond the face of the statute to lend it a construction contrary to its clear meaning. Cirac v. Lander Co., 95 Nev. 723, 729, 602 P.2d 1012, 1015 (1979); State ex rel.

---

[2] *See* Note 1, *supra,* for the statutory definition of injury.

[3] NRS 616.020 defines "accident":

"Accident" means an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury.

[4] NRS 616.270(1) provides:

Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.

Hess v. Washoe County, 6 Nev. 104, 107 (1870). Nor is it within our province to question the wisdom of this statute, although we may be sympathetic to appellant's claim. State v. Corinblit, 72 Nev. 202, 298 P.2d 470 (1956).

Certainly, there is evidence that the conditions of heat exhaustion and dehydration, which Mr. Spencer allowed to develop while participating in his employer's swap meet, aggravated his preexisting heart condition on that day. It is clear, however, that where, as here, death does not result substantially from employment, but instead from other infirmities in combination with a preexisting heart disorder, NRS 616.110(2) precludes recovery. Mr. Spencer's debilitated state was not occasioned by his employment. Rather, the debilitated state which developed on the day of Mr. Spencer's death was of a type likely to occur at any time, anywhere.

This conclusion makes it unnecessary for us to determine whether heat exhaustion and dehydration are "injuries" or "accidents" within the meaning of NRS 616.110(1) and 616.020, and whether we should modify our holding in Smith v. Garside, 76 Nev. 377, 355 P.2d 849 (1960).[5]

The judgment of the district court is affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and GUY, D. J.,[6] concur.

___

[5]In *Garside* we determined that exposure to cold temperature in the workplace, which resulted in employee's serious illness, was neither an injury nor accident within the statutory definitions.

[6]The Governor designated the Honorable Addeliar D. Guy, Judge of the Eighth Judicial District, to sit in the place of THE HONORABLE CAMERON M. BATJER, Justice. Nev. Const., art. 6 § 4.