AMERICAN INTERNATIONAL VACATIONS, Appellant, *v.* DONALD L. MacBRIDE, Respondent.

No. 13713

April 29, 1983                    661 P.2d 1301

*Reid and Alverson* and *Claude E. Zobell,* and *Bryce Dixon,* Las Vegas, for Appellant.

*Marvin S. Gross,* State Industrial Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant, American International Vacations (American International), appeals from a judgment of the district court reversing a Department of Administration Appeals Officer's decision that an injury was not compensable. Because we agree respondent was involved in an "accident" which resulted in a compensable injury within the statutory definition of those terms, we affirm the decision of the district court.

Respondent Donald L. MacBride was employed by American International as a salesman of vacation "packages." While on the job directing a tour, MacBride had occasion to walk down a flight of stairs. While so engaged, he heard a supervisor

call him by name, and turned to his left to respond. When he did so, MacBride's right knee allegedly "gave way" two or three inches, causing a twisting motion and pain and discomfort in his lower back. MacBride neither stumbled nor fell as a result of this incident, and apparently continued his duties.

At approximately 4:00 a.m. the next morning, MacBride was admitted to a hospital emergency room complaining of back pain. Surgery was subsequently performed, which established that MacBride had suffered a rupture of an intervertebral disc. Physicians indicated this back condition was causally related to the twisting incident at work.

MacBride filed a compensation claim under the Nevada Industrial Insurance Act (NIIA),[1] and a hearing officer found that he had sustained a compensable injury. American International subsequently appealed to the Appeals Officer. The Appeals Officer held MacBride's injury was not compensable, because circumstances surrounding the incident did not meet the statutory definitions of an "accident" or "injury" set forth in the NIIA. MacBride then filed a petition for judicial review; the district court ordered the Appeals Officer's decision reversed on the grounds that MacBride had suffered a compensable "injury" as a result of an "accident." American International now appeals the decision of the district court.

We initially note that a reviewing court may undertake independent review of the administrative construction of a statute. *See* NRS 233B.140(5)(d); *accord,* Niekro v. Brick Tavern, 238 N.W.2d 537, 539 (Mich. 1976); McKay Dee Hospital v. Industrial Commission, 598 P.2d 375, 376 (Utah 1979); Loggins v. Wetumka General Hospital, 587 P.2d 455, 457 (Okl. 1978). The Appeals Officer's decision was predicated on his construction of the accident and injury definitions contained in the NIIA. The district court reviewed the statutes and concluded that the Appeals Officer's construction was incorrect. We believe the district court's construction of the statutes in question was correct.

Under the NIIA, "accident" is defined as "an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." NRS 616.020. Thus, in order for an incident to qualify as an "accident," three elements must be present: (1) an unexpected or unforeseen event; (2) happening

---

[1]The NIC is now known as the State Industrial Insurance System. *See* NRS 616.116 (effective July 1, 1982).

suddenly and violently; and (3) producing at the time objective symptoms of injury.

The district court correctly concluded that all three elements were present in the instant case. American International maintains that the incident in which MacBride was involved did not happen "suddenly and violently," and did not produce "at the time objective symptoms of injury." Other jurisdictions, however, have construed similar statutory requirements that compensable accidents occur "violently" as properly descriptive of any cause efficient in producing a harmful result. *See* Raef v. Stock-Hartis, Inc., 416 S.W.2d 201, 205 (Mo. App. 1967). Cases involving construction of insurance policy provisions have reached a similar result. *See* Hanna v. Rio Grande Nat. Life Ins. Co., 181 S.W.2d 908, 911 (Tex. App. 1944); Jensma v. Sun Life Assur. Co., 64 F.2d 457, 459 (Ninth Cir. 1933).

It also appears that the incident did produce "at the time, objective symptoms of injury." Although American International argues this requirement was not met because MacBride did not seek medical attention until some time after the incident, we do not believe that the statute requires the instantaneous manifestation of symptoms. It appears that the correct interpretation of the statutory requirement is that the symptoms must manifest themselves within a reasonable time. *Accord,* Central Surety & Insurance Corp. v. Industrial Comm'n, 271 P. 617, 622 (Colo. 1928) (24-hour delay in appearance of hernia satisfies statutory requirement of "immediate appearance"); Consolidated Vultee Aircraft Corporation v. Smith, 162 P.2d 425, 426 (Ariz. 1945) (two-day delay in appearance of hernia satisfies statutory requirement of "immediate appearance"). *See also* Schoenrock v. School District of Nebraska City, 139 N.W.2d 547, 551 (Neb. 1966) (symptoms appearing "according to the natural course in such matters without any independent intervening cause being shown" met statutory requirement of "producing at the time").

Given the remedial nature of workmen's compensation statutes, and the expressed policy favoring liberal construction of such statutes, we do not believe the district court erred in determining that MacBride suffered an "accident" within the meaning of the NIIA. *See* Spencer v. Harrah's Inc., 98 Nev. 99, 641 P.2d 481 (1982); Industrial Commission v. Peck, 69 Nev. 1, 10-11, 239 P.2d 244 (1952); Industrial Commission v. Adair, 67 Nev. 259, 269, 217 P.2d 348 (1950); Costley v. Nevada Ind. Ins. Com., 53 Nev. 219, 225, 296 P. 1011 (1931); Virden v. Smith, 46 Nev. 208, 211, 210 P. 129 (1922).

American International additionally challenges the district court's conclusion that the incident in which MacBride was involved met the statutory requirements of an "injury." At the time of the incident in question, "injury" and "personal injury" were defined as "a sudden and tangible happening of a traumatic nature, producing an immediate or prompt result, and resulting from external force . . . ."[2] See 1981 Nev. Stat. 1196. Thus, the statutory elements of an "injury" were: (1) a sudden and tangible happening; (2) traumatic in nature; (3) producing an immediate or prompt result; and (4) resulting from external force. American International argues MacBride could not have suffered an "injury," as there was no "external force" involved and the event was not "traumatic."

In the instant case, the district court impliedly concluded that there was sufficient "external force" involved to meet the statutory requirement. We will not disturb that determination on appeal. We note that MacBride turned and exerted a twisting strain on his back in response to a supervisor's summons, and felt pain and discomfort in his lower back when his knee gave way. Other courts have held that a statutory requirement similar to that in the instant case is "satisfied by a sudden strain, originating outside the body in answer to the demands of the job, which, when applied internally, proximately caused the bodily failure." See Boeing Company v. Fine, 396 P.2d 145 (Wash. 1964) (overruled on other grounds in Longview Fibre Co. v. Weimer, 628 P.2d 456 (Wash. 1981)). We believe that the record in the instant case evidences that respondent was subjected to a sudden strain which proximately caused his injury. Therefore, we will not disturb the district court's implied determination that an external force produced the injury in question.

American International's final argument, that the injury in question did not involve a "traumatic event," is also without merit. American International's argument is based on a prior decision of this court, in which this court arguably equated the "trauma" requirement with "violence." See Smith v. Garside, 76 Nev. 377, 382, 355 P.2d 849 (1960). As previously noted, however, the incident in which MacBride was involved occurred "suddenly and violently" within the meaning of the definitional sections of the NIIA. Thus, to accept American

---

[2]We note that this section has been amended to eliminate the requirement relating to "external force." See NRS 616.110.

International's own linkage, the events in question happened "traumatically."

The district court correctly determined that MacBride was involved in an "accident" which resulted in a compensable "injury." Accordingly, we affirm the decision of the district court.