STATE INDUSTRIAL INSURANCE SYSTEM, APPELLANT, *v.* CATHERINE BUCKLEY, RESPONDENT.

CATHERINE BUCKLEY, CROSS-APPELLANT, *v.* MAC-ARTHUR NOYES, M.D.; T. W. CHRISTIANSEN, M.D.; I. VIGIL AND HUMANA, INC., DBA SUNRISE HOSPITAL, CROSS-RESPONDENTS.

No. 14612

June 29, 1984                    682 P.2d 1387

[Rehearing denied August 31, 1984]

---

[2]The Governor designated the Honorable Michael R. Griffin, Judge of the First Judicial District Court, to sit in the place of THE HONORABLE THOMAS L. STEFFEN, Justice, who voluntarily recused himself. Nev. Const., art. 6, section 4.

*Darla R. Anderson,* Las Vegas, for Appellant.

*John P. Foley,* and *Elizabeth Foley,* Las Vegas, for Respondent and Cross-Appellant.

*Galatz, Earl & Catalano,* and *Daniel F. Polsenberg,* Las Vegas, for Cross-Respondents Noyes and Christiansen.

*Lyles & Austin,* and *Michael B. McDonnell,* Las Vegas, for Cross-Respondents Vigil and Humana, Inc.

## OPINION

*Per Curiam:*

On December 24, 1979, Catherine Buckley was working as a blood gas technician in the emergency room of Sunrise Hospital in Las Vegas. As she was drawing blood from a patient, a defibrillator[1] was activated without warning, inflicting a shock on Buckley which knocked her away from the patient. Buckley

---

[1] A defibrillator is a machine which is used to administer a strong electric shock to the heart, usually in cases of cardiac arrest. *See* Stedman's Medical Dictionary, 527, 368 (5th ed. 1982).

was hospitalized twice in October, 1980, complaining of symptoms such as shortness of breath, dizziness, nausea and palpitations, which she decribed as having begun some six weeks after the incident. She was diagnosed as having a mitral valve prolapse.[2]

Buckley first sought compensation from the State Industrial Insurance System (SIIS),[3] contending that she had suffered a compensable injury as a result of a work-related accident. On the basis of the unanimous report of a medical panel, the SIIS denied her claim, finding that there was no cause and effect relationship between the incident and the mitral valve prolapse. On October 6, 1981, a hearing officer denied her claim, on the grounds that there was insufficient evidence that the mitral valve prolapse was caused by the incident on December 24, 1979, and also that in any case, the Nevada Industrial Insurance Act (NIIA) precluded acceptance of any claim based upon "coronary thrombosis, coronary occlusion, or any other ailment or disorder of the heart." NRS 616.110(2).[4] The hearing officer concluded that therefore it was unnecessary to determine whether the shock may have caused a pre-existing asymptomatic condition to become symptomatic.

On November 12, 1981, Buckley appealed this decision. The Administrative Appeals Officer dismissed the appeal on the ground that Buckley had failed to meet the statutory deadline of thirty days and that he was therefore without jurisdiction to consider the appeal. Buckley thereafter filed a petition for judicial review in District Court.

Meanwhile, the day before the running of the applicable statute of limitations, Buckley had filed a civil tort suit for personal injury, naming the attendant doctors and assistants, the hospital, and the SIIS, as defendants, and alleging that as a direct and proximate result of the shock she suffered injuries. The defendants moved for dismissal of the tort action against them

[2]A mitral valve prolapse is an inverted condition of the valve between the left ventricle and left atrium of the heart. *See* Stedman's Medical Dictionary, *supra,* at 1146, 1530. *See generally* P. Cantor, ed., 8 Traumatic Medicine and Surgery for the Attorney, 624-38 "Heart Diseases—Mitral Valve Disease" (1962).

[3]The agency was then known as the Nevada Industrial Commission, *see* 1981 Nev. Stats. ch. 642, p. 1449.

[4]NRS 616.110(2) provides:

For the purposes of this chapter, coronary thrombosis, coronary occlusion, or any other ailment or disorder of the heart, and any death or disability ensuing therefrom, shall not be deemed to be an injury by accident sustained arising out of and in the course of the employment.

on the grounds that as co-employees of the plaintiff, they were immunized from tort liability under the NIIA. *See* NRS 616.560.[5] The plaintiff responded that her heart condition was not compensable under the NIIA, and that there consequently could be no immunity for the defendants under the Act. She also moved for consolidation of the tort action with the petition for judicial review. The doctors in reply responded that the statutory exclusion of "coronary thrombosis, coronary occlusion or any other ailment or disorder of the heart" was not intended to apply to a condition such as plaintiff's. The SIIS simply contended that it was not a proper party to the common law action and opposed the motion for consolidation. It did not argue the merits of the statutory issue.

The district court ordered consolidation and then ruled that plaintiff's injury, the mitral valve prolapse, was an "industrial injury", not excluded from NIIA coverage by NRS 616.110(2), precluding a common law action against the medical defendants. The court further ruled that plaintiff had a "compensable claim" under the NIIA which he ordered the SIIS to accept and pay.

From the portion of the judgment ordering it to accept and pay Buckley's claim, the SIIS has appealed. Buckley filed a cross-appeal from the judgment insofar as it dismissed the medical defendants from her civil tort action.

The major issue presented on this appeal is focused on the construction of NRS 616.110(2), as applied to a case in which an injury to the heart occurs on the job and is caused by a sudden, unforeseen, and violent application of force, such as an electric shock.[6]

---

[5]NRS 616.560(1) specifies certain instances in which an employee may bring a civil action to recover damages "[w]hen an employee coming under the provisions of this chapter receives an injury for which compensation is payable under this chapter and which injury was caused under circumstances creating a legal liability in some person, other than the employer or a person in the same employ."

NRS 616.370(1) provides:

> The rights and remedies provided in this chapter for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive, except as otherwise provided in this chapter, of all other rights and remedies of the employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury.

[6]All of those parties arguing the merits of this issue have assumed, for purposes of the summary judgment motion, that the plaintiff's mitral valve prolapse was caused by the electric shock she received during the defribrillation procedure. This Court will therefore similarly so assume for purposes of this argument.

The NIIA provides an exclusive remedy in workmen's compensation for any employee "on account of an injury by accident sustained arising out of and in the course of the employment." NRS 616.370(1). An "accident" is defined in NRS 616.020 as "an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." An "injury" is defined in the statute, NRS 616.110(1), as "a sudden and tangible happening of a traumatic nature, producing an immediate or prompt result, including injuries to artificial members."

It is clear that on the basis of the facts as alleged, plaintiff did indeed suffer an "injury by accident" as those terms have been generally defined in the statute. *See, e.g.,* American Int'l Vacations v. MacBride, 99 Nev. 324, 661 P.2d 1301 (1983); Kennecott Copper Corp. v. Reyes, 75 Nev. 212, 337 P.2d 624 (1959). *Cf.* Periss v. Nevada Industrial Commission, 55 Nev. 40, 24 P.2d 318 (1933); Hartford Acc. & Indem. Co. v. Industrial Com., 299 P. 1026 (Ariz. 1931), as cited in Pierce v. Phelps Dodge Corporation, 26 P.2d 1017 (Ariz. 1933).

The question is whether, nevertheless, a claimant in such circumstances is precluded from recovering under the workmen's compensation statute because of the provision of NRS 616.110(2) that "coronary thrombosis, coronary occlusion, or any other ailment or disorder of the heart, and any death or disability ensuing therefrom, shall not be deemed to be an injury by accident in the course of employment."

In Spencer v. Harrah's, Inc., 98 Nev. 99, 641 P.2d 491 (1982), we held that where it was claimed that hot and windy weather aggravated a pre-existing heart condition, but where the long standing heart condition was the actual cause of death, the statutory provision would operate to exclude coverage. As we explained:

> [W]here, as here, death does not result substantially from employment, but instead from other infirmities in combination with a pre-existing heart disorder, NRS 616.110(2) precludes recovery. Mr. Spencer's debilitated state was not occasioned by his employment. Rather, the debilitated state which developed on the day of Mr. Spencer's death was of a type likely to occur at any time, anywhere.

Id. at 102, 641 P.2d at 483. In this case, on the other hand, under the facts as alleged, the employee's very disorder was the

result of an accident which arose out of and occurred in the course of employment. Under such circumstances, we agree with the courts of those jurisdictions which held similar statutory provisions, denying workmen's compensation coverage for heart conditions or disease, to be inapplicable to a situation in which a work-related accident has caused the heart condition itself.

In Makalous v. Kansas State Highway Commission, 565 P.2d 254 (Kan. 1977), for example, compensation was upheld when a myocardial infarction ("heart attack") was the direct result of a hemorrhage which was precipitated and produced by the work environment. Given the evidence that an extreme external force was a substantial causative factor in producing the injury and resulting disability, the court simply found inapplicable the so-called "heart amendment," which would have required a showing of unusual exertion in cases of coronary or coronary artery disease or cerebrovascular injury.

In a case similar to the case at bar, the Supreme Court of Colorado, in Prestige, Homes, Inc. v. Legouffe, 658 P.2d 850 (Colo. 1983), refused to apply the test set forth in the statutory provision relevant to heart attacks when the evidence was that the claimant's heart attack was the result of an electric shock. The court held that where the claimant alleges that his heart attack was causally related to an accident as defined by the statute, the claimant is not required to show that the injury also met the test set forth in the section specifically referring to cases involving injury or death from heart attack.

We have long held that we should "construe the [NIIA] broadly and liberally, to protect the interest of the injured worker and his dependents. A reasonable, liberal and practical construction is preferable to a narrow one, since these acts are enacted for the purpose of giving compensation, not for denial thereof." Industrial Commission v. Peck, 69 Nev. 1, 11, 239 P.2d 244, 248 (1952).

We therefore agree with the approach taken by these courts, and hold that NRS 616.110(2) is inapplicable when a claimant shows that he has suffered an "injury by accident" arising out of or in the course of employment, regardless of whether the injury suffered is an injury to the heart or to some other portion of the body. We therefore affirm the judgment of the district court that under the facts, as alleged, plaintiff's exclusive remedy was with the NIIA, and the common law action against the medical defendants must be dismissed.

As to the SIIS, its counsel has not seen fit to argue the merits of the finding against it. Rather, this Court has been supplied with two pages of conclusory arguments, lacking substantive citation to relevant authority, and failing to address the pivotal issues in the case. Under these circumstances, we decline to consider its assignments of error.[7] Smith v. Timm, 96 Nev. 197, 606 P.2d 530 (1980); Gilbert v. Warren, 95 Nev. 296, 594 P.2d 696 (1979); Holland Livestock v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976).

The judgment of the district court is affirmed.

---

[7]The briefs filed for the SIIS in this case were not filed by present counsel of record.