STATE INDUSTRIAL INSURANCE SYSTEM, An Agency of the State of Nevada, Appellant, v. JOHN L. CONNER, Respondent.

No. 16701

June 26, 1986                                        721 P.2d 384

[Rehearing denied December 15, 1986]

*Darla R. Anderson,* Las Vegas, *Pamela Bugge,* SIIS, Carson City, and *Jay Brewer,* Appeals Officer, Las Vegas, for Appellant.

*Frank A. King,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal involves a workmen's compensation claimant who, after receiving benefits under the Nevada Occupational Diseases Act (NRS chapter 617) for nearly six years, asserted that he was entitled to additional benefits under the Nevada Industrial Insurance Act (NRS chapter 616). We hold that the claim was properly classified as one for occupational disease benefits under NRS chapter 617 and that, therefore, the district court erred in ordering payment of additional benefits under NRS chapter 616.

On August 3, 1978, Conner, an officer with the Las Vegas Metropolitan Police Department, was assaulted while subduing a suspect. Twenty to thirty minutes later he experienced chest pains, and was diagnosed as having suffered a myocardial infarction. A workmen's compensation claim was filed, and Conner was notified on August 30, 1978, that occupational disease benefits would be awarded. In 1979, Conner underwent a quadruple coronary bypass operation. The surgery was successful, and Conner returned to work with the Las Vegas Metropolitan Police Department. In May of 1984, Conner was instructed to report for a disability rating examination. SIIS Medical Advisor, Dr. Joseph George, concluded that Conner's heart disorder justified a 12 percent permanent partial disability (PPD) rating. However, Conner was notified shortly after the examination that no PPD award would be made, since PPD benefits were not available for occupational disease claims prior to January 1, 1980. *See* 1979 Nev. Stats. ch. 533, § 56.5, at 1063. Since Conner's heart attack occurred in 1978, the SIIS determined that Conner was not entitled to PPD benefits. Conner appealed this determination, and both the hearings officer and the appeals officer affirmed the denial of additional benefits. However, the district court reversed, holding that Conner's claim should be classified as an industrial injury, and therefore that PPD benefits should be awarded under NRS chapter 616.

NRS 616.110(2) provides that, "[f]or the purposes of this chapter, coronary thrombosis, coronary occlusion, or any other ailment or disorder of the heart, and any death or disability ensuing therefrom shall not be deemed to be an injury by accident sustained arising out of and in the course of the employment." In contrast, NRS 617.457(1) provides that, as to police officers, "diseases of the heart, resulting in either temporary or permanent disability or death, are occupational diseases and compensable as such under the provisions of this chapter if caused by extreme overexertion in times of stress or danger. . . ." A reading of these two statutes compels the conclusion that the legislature intended Conner's condition to be compensated under chapter 617 rather than chapter 616. Since entitlement to benefits is determined as of the date of injury (NRS 617.240; 616.625), the fact that PPD benefits were not authorized for occupational disease claims in 1978 precludes an award of such benefits to Conner.

Conner's assertion that a different result is mandated by this court's ruling in SIIS v. Buckley, 100 Nev. 376, 682 P.2d 1387 (1984), lacks merit. In that case, the claimant suffered a severe

electric shock on the job which resulted in a mitral valve prolapse. The claimant had no preexisting heart condition. This court held that NRS 616.110(2) was not intended to preclude compensation under that chapter where "an injury to the heart occurs on the job and is caused by a sudden, unforeseen, and violent application of force, such as an electric shock." 100 Nev. at 379, 682 P.2d at 1389 (footnote omitted). In contrast, this court held in Spencer v. Harrah's Inc., 98 Nev. 99, 641 P.2d 481 (1982), that NRS 616.110(2) precludes an award of SIIS benefits under chapter 616 where the conditions at the claimant's workplace aggravated a preexisting heart disorder, resulting in a heart attack.

In the present case, both the SIIS medical advisor and Conner's own physician testified that Conner had a preexisting coronary disease which was aggravated by the assault. This case is clearly controlled by *Spencer,* which precludes an award of benefits under chapter 616.

While we are sympathetic to the cause of a dedicated police officer who suffered a heart attack arising in the line of duty, we are unable to increase the workmen's compensation benefits recoverable beyond the limits set by the legislature. As stated in *Spencer,* "We are not empowered . . . to go beyond the face of the statute to lend it a construction contrary to its clear meaning. . . . Nor is it within our province to question the wisdom of this statute, although we may be sympathetic to appellant's claim." 98 Nev. at 101-02, 641 P.2d at 482. We do note that Conner did receive substantial benefits arising out of this claim, including the expenses of surgery and compensation for time lost as a result of this condition.

In light of the above, it is unnecessary to determine whether there was substantial evidence to support the appeals officer's determination that Conner did not file a timely claim under chapter 616.

Accordingly, the order of the district court is reversed, and the decision and order of the appeals officer is reinstated.