THE STATE INDUSTRIAL INSURANCE SYSTEM, an
Agency of the State of Nevada, Appellant, v. IRMA
WEAVER, Respondent.

No. 17100

March 31, 1987                                    734 P.2d 740

*Virginia L. Hunt,* Las Vegas and *Pamela Bugge,* Carson City,
for Appellant.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel
Polsenberg,* Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, C. J.:

Russell Weaver collapsed and died of cardiac arrest moments after running a timed mile as part of a job-mandated physical fitness test. His widow, respondent Irma Weaver, filed for death benefits under the Nevada Industrial Accident Act (NIAA). The State Industrial Insurance System (SIIS), the hearing officer and the appeals officer all agreed Weaver's death was not compensable. On judicial review, the district court reversed. SIIS appeals.

Russell Weaver was a 59-year-old, privately employed security inspector at the Nevada Test Site. In 1982, the United States Department of Energy imposed physical fitness standards on security inspectors at its sites. For the first time in seventeen years of employment, Weaver, whose duties did not normally require running, had to prove he could run a mile in eight-and-a-half minutes to retain his job. In June, 1983, Weaver was examined by a physician and medically cleared for participation in the physical fitness training and testing program. On July 12, 1983, he completed the one-mile run in under eight minutes, took a drink of water, walked 35 feet, collapsed and died of cardiac arrest.

Dr. Robert E. Cutler wrote it was a "medically valid presumption" that the stress of running contributed to Weaver's death. However, the autopsy revealed that Weaver also suffered acute coronary artery disease although the condition was asymptomatic in his lifetime.[1]

NRS 616.615 provides death benefits if "an injury by accident arising out of and in the course of employment causes the death of

---

[1]Although Weaver suffered a myocardial infarction twelve years earlier, he showed no subsequent symptoms of heart disease. Four electrocardiogram stress tests over the years yielded normal results.

an employee." Russell Weaver suffered sudden unexpected internal failure and death moments after extreme physical exertion in the course of his employment. Although Weaver did not slip, fall, or suffer any visible mishap during his run, the absence of any obvious unusual occurrence does not preclude the existence of an injury by accident. *See* SIIS v. Swinney, 103 Nev. 17, 731 P.2d 359 (1987); American International Vacations v. MacBride, 99 Nev. 324, 661 P.2d 1301 (1983). There is nothing in the concept of "accidents" that demands the accidental character of the injury be in the cause rather than the result. 1B Larson, Workmen's Compensation Law §38.60 (1986). We further note that four other states have the same statutory definition of "accident" as Nevada and that none of these require an injury by accident be preceded by an unusual event classified as an accident. *See* Newman Bros., Inc. v. McDowell, 354 So.2d 1138 (Ala. Civ.App. 1977); Ferguson v. HDE, Inc. 270 So.2d 867 (La. 1972); Wolfgeher v. Wagner Cartage Service, Inc., 646 S.W.2d 781 (Mo. 1983); Wolfe v. American Community Stores, 290 N.W. 195 (Neb. 1980). The statutory requirements for injury and accident are satisfied.[2]

The central issue in this appeal is whether, despite injury by accident, NRS 616.110(2)[3] bars compensation when an employee with pre-existing coronary artery disease dies of cardiac arrest immediately following extraordinary and unusual physical exertion in the course of his employment. We hold it does not.

In heart cases, NRS 616.110(2) establishes an exception to the general rule that industrial injuries are compensable even if the employment only aggravates, accelerates, or combines with pre-existing disease to cause death or disability. Spencer v. Harrah's Inc., 98 Nev. 99, 641 P.2d 481 (1982). In *Spencer, supra,* we held the statute precluded compensation when heat exhaustion and dehydration precipitated the heart attack of an employee with severe heart disease. We noted the debilitated state that developed

---

[2]NRS 616.020.

"Accident" means an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury.

NRS 616.110(1).

"Injury" and "personal injury" means a sudden and tangible happening of a traumatic nature, producing an immediate or prompt result, including injuries to artificial members.

[3]NRS 616.110(2).

For the purposes of this chapter, coronary thrombosis, coronary occlusion, or any other ailment or disorder of the heart, and any death or disability ensuing therefrom, shall not be deemed to be an injury by accident sustained arising out of and in the course of the employment.

on the fatal day "was of a type likely to occur at any time, anywhere." 98 Nev. at 102, 641 P.2d at 483. It was clear that Mr. Spencer's death did not substantially result from his employment. *Id.* Consistent with our decision in *Spencer, supra,* we held in SIIS v. Conner, 102 Nev. 335, 721 P.2d 384 (1986), that the statute barred compensation for permanent partial disability where an employee's history included pre-existing disease, a coronary bypass operation, and one work-related heart attack six years earlier. In 1978, Mr. Conner, a police officer with pre-existing heart disease, suffered a myocardial infarction after being assaulted by a suspect. He was compensated for this injury under the Nevada Occupational Diseases Act. In 1979, he underwent a successful quardruple bypass operation and returned to work. Five years later, in 1984, he was rated partially disabled. Conner then sought permanent partial disability payments under NIAA, based on the 1979 assault. This court determined that NRS 616.110(2) precluded such payments where disability was due to an underlying condition that was only aggravated by an employment-related injury suffered years earlier.

By contrast, SIIS v. Buckley, 100 Nev. 376, 682 P.2d 1387 (1984), presented a clear causal relationship between direct trauma to the heart and the ensuing injury. Ms. Buckley, a nurse with no prior heart disorder, suffered a prolapsed mitral valve after coming into accidental contact with a defibrillator which sent a strong electrical shock through her body. We agreed that NRS 616.110(2), like the statutes of other states limiting recovery in heart cases, did not apply when an injury to the heart is caused by sudden unforeseen and violent application of force. 100 Nev. 379, 682 P.2d at 1389.

Russell Weaver was subjected to extraordinary and violent physical stress in the course of his employment. The Department of Energy, through the employer, required a nearly sixty-year-old man whose duties did not normally include any running to run one mile in eight-and-a-half minutes through the southern Nevada desert, in July, in order to retain the job he had held for seventeen years. Weaver's virtually immediate collapse and death evidenced his body's inability to sustain the force of the extreme stress imposed by the employer's mandate. This immediate physical response to extraordinary physical stress is evidence of a violent causative force—one as clearly traumatic as any external force applied to the heart.

This court had long held that we should construe the Nevada Industrial Accident Act broadly and liberally, to protect the interests of injured workers and their dependents. A reasonable, liberal and practical construction is preferable to a narrow one

since these acts are enacted for the purpose of giving compensation, not for denial thereof. SIIS v. Buckley, *supra,* 100 Nev. at 381, 682 P.2d at 1390; Industrial Commission v. Peck, 69 Nev. 1, 11, 239 P.2d 244, 248 (1952). We cannot imagine that NRS 616.110(2) was intended to deny compensation when an exceptional and extraordinary physical exertion demanded by the employment leads to immediate death. We further agree with the Colorado Supreme Court that where death occurs within a short time after a blow or overexertion in the course of employment, a presumption arises that it was caused by the employment and the claimant is not required to establish causation by expert medical testimony. Industrial Commission v. Havens, 314 P.2d 698, 701 (Colo. 1957); Matter of Death of Talbert, 694 P.2d 864 (Colo. Ct.App. 1984).

For these reasons, we accordingly affirm the order of the district court.

STEFFEN, YOUNG, SPRINGER and MOWBRAY, JJ., concur.