DARLENE DONNER, Appellant, *v.* STATE INDUSTRIAL INSURANCE SYSTEM, an Agency of the State of Nevada, Respondent.

No. 20742

October 25, 1990 799 P.2d 570

*Nancyann Leeder,* State Industrial Claimants' Attorney, Las Vegas, for Appellant.

*R. Scott Young,* SIIS General Counsel, Carson City, and *William A. Zeigler,* Associate General Counsel, Las Vegas, for Respondent.

*Barbara Gruenewald,* Reno, for Amicus Curiae.

## OPINION

*Per Curiam:*

The question presented by this appeal is whether appellant Darlene Donner (Donner) satisfied the requirements of NRS

616.401[1] for counting tip income toward her disability compensation. We hold that Donner satisfied the requirements of NRS 616.401.

## FACTS

On January 25, 1988, Donner suffered a compensable industrial injury to her back while working as a waitress at Macayo Vegas (Macayo), a restaurant where she had worked for about six years. Respondent State Industrial Insurance System (SIIS) accepted Donner's claim for temporary total disability, but refused to count Donner's tips as part of her average monthly wage for purposes of calculating her disability. This was so even though Donner had faithfully reported her tips to her employer and had paid federal income tax on the tips. As with most long-term tip earners, Donner's tips were a large part of her income. Thus, SIIS' refusal to count the tips severely reduced the amount of her disability compensation.

In 1986, the Department of Industrial Insurance Regulation (DIIR) had promulgated a form entitled ''Employee's Notice of

---

[1] NRS 616.401 provides:

616.401 Election by employee to report his tips; effect; regulation.

1. An employee may elect to report the amount he receives as tips for the purpose of the calculation of compensation by submitting to his employer a written notice of election to report his tips. The employee must make his election separately for each pay period before the end of the next pay period. The declaration may not be amended.

2. Upon receipt of such notice the employer shall:

(a) Make a copy of each report which the employee has filed with the employer to report the amount of his tips to the United States Internal Revenue Service;

(b) Stamp or attach to the copy a declaration to be signed by the employee under penalty of perjury which states that the contents of the report are true;

(c) Require the employee to sign the declaration;

(d) Submit the copy to the system upon request and retain another copy for his records or if the employer is self-insured, retain the copy for his records; and

(e) If he is not self-insured, pay the system the premiums for the reported tips at the same rate as he pays on regular wages, beginning 3 months after he receives the first notice of the election of the employee to report tips.

3. An employee who elects to report his tips is not eligible to receive increased compensation based on these tips until 3 months after his employer receives the notice of election to report his tips.

4. The department shall adopt regulations specifying the form of the declaration specified pursuant to subsection 2.

5. The system or the self-insured employer shall calculate compensation for an employee on the basis of wages paid by the employer plus the amount of tips reported after the employee has become eligible for increased compensation pursuant to subsection 3.

Election To Report Tips." NAC § 616.673. NAC § 616.673 provides that employees must use this form before their tips can be counted toward their disability compensation. Donner never used this form to report her tips, largely because Macayo never informed her of NRS 616.401's requirements.

Although Donner did not use the DIIR form, she faithfully reported her tips for federal income tax purposes. *See* 26 U.S.C.A. § 6053(a)-(c) (1986) (Internal Revenue Code) (henceforth, "IRC"). Pursuant to IRC § 6053(c), Donner gave Macayo her gross receipts and Macayo then calculated each employee's Internal Revenue Service (IRS) tip allocation based in part on the assumption that the total tips equalled 8 percent of gross sales. Each month Macayo gave Donner a computer printout of her tip allocation based on the 8 percent calculation; these printouts for several months preceding the accident are in the record. The printouts also reflect *actual* tips which Donner reported to Macayo pursuant to IRC § 6053(a). The exact manner in which Donner reported her actual tips is not indicated in the record. Nevertheless, Macayo's written printouts reflect that she reported these tips, because the printouts contain records of her actual tips.

On April 22, 1988, Donner filed a request for a hearing with SIIS on the issue of tips. On June 1, 1988, the hearing officer affirmed the initial determination of Donner's monthly wage which excluded her tips. The hearing officer ruled, in essence, that Donner could not receive credit for her tips because she had not submitted the notice of election to report tips pursuant to NRS 616.401. Donner appealed. On August 25, 1988, after a hearing, Appeals Officer Charles York ruled in Donner's favor, remanding the case for determination of Donner's tip income based on the tax records. SIIS filed a petition for judicial review of the appeals officer's decision in district court. On November 16, 1989, the district court reversed. The court reasoned that NRS 616.401 was unambiguous in requiring employees to use a "notice of election" to claim tips for purposes of worker's compensation. Donner appeals this decision. Barbara Gruenewald filed an *amicus curiae* brief on behalf of the Northern Nevada Association of Injured Workers (NAW), which claims to represent about 90,000 tip earners in Nevada.

## LEGAL DISCUSSION

This dispute concerns only the amount of disability compensation to which Donner is entitled, and SIIS does not dispute the basic facts as stated above. The question presented is one of law. That question is whether NRS 616.401 bars Donner from receiving credit for her tips in calculating her disability compensation

where Donner reported her tips for federal tax purposes, but did not file a form denominated as a "notice of election." Donner argues that her regular written records of tips constitute substantial compliance with the notice of election requirement. We agree, and accordingly reverse the judgment of the district court. We further note that the problem involved in this and similar cases would not have arisen if SIIS, Macayo or NAW had better informed Donner and other employees of NRS 616.401's requirements.

No particular form is required to constitute a "written notice of election" under subsection 1 of NRS 616.401. Subsection 4 of NRS 616.401 directs the DIIR to promulgate a form to be used for the *declaration,* not the notice of election. Neither NRS 616.401 nor its legislative history indicates that any particular form of written notice is required. In fact, the legislative history demonstrates that the primary purpose for a voluntary notice of election was to ensure that NRS 616.401 would not force all tip-earning employees to report their tips as a matter of state law. This supports the conclusion that the employer is deemed to have notice of the tips when the employee begins reporting them regularly and in writing. We have long held that a reasonable, liberal and practical construction of our worker's compensation statutes is preferable to a narrow one. SIIS v. Weaver, 103 Nev. 196, 199-200, 734 P.2d 740, 742 (1987). Certainly, an employer aware of this statute should expect that its employees who regularly report and pay taxes on their tips would also expect their disability compensation to reflect those tips.

Based on the foregoing, we conclude that where the employer has provided the employee with election forms and informed the employee that the form will be required pursuant to NRS 616.401, the employee is bound to use the form. Although NRS 616.401 does not require any particular form, employers may wish to use a form to facilitate their record-keeping for SIIS. Where, however, as here, the employer does not do this, we conclude that there has been substantial compliance with the requirement of a "written notice of election to report tips" under NRS 616.401 where any employee reports actual tips pursuant to IRC § 6053(a) or § 6053(c) for each pay period or another reasonable period prescribed by the employer. Had Macayo informed Donner of NRS 616.401 and provided a form to be used in making the election, failure to submit such a form would evidence Donner's election not to report tips.

Applying our conclusions, since Macayo never provided a

particular form, Donner has satisfied the notice of election requirement by producing written records showing her periodic reports of actual tips for purposes of federal income tax. *Cf.* SIIS v. Woodall, 106 Nev. 653, 799 P.2d 552 (1990) (employee was not eligible for disability compensation based on tips, because there was no direct evidence of written records of tips for each pay period *before* the injury, only a tax return filed *after* the fact of the injury). Based on the language of NRS 616.401, the actual tips must be included in calculating Nevada disability compensation. It is on the amount of wages and actual tips reported that employers must pay premiums to SIIS.

We further note that Donner never signed the declaration which employers are required to utilize by subsection (2)(b) of NRS 616.401. This requirement is not a bar to consideration of tips because subsection 2 refers to employer, not employee, duties. It is the employer's duty to provide this form to the employee.

## CONCLUSION

Since Macayo never provided Donner with a notice of election form, Donner satisfied the notice of election requirement of subsection 1 of NRS 616.401 by virtue of the regular, written records of her tips for federal income tax purposes. The records of Donner's tip income satisfy the requirement of a 12-week history of earnings. *See* NRS 616.401(3) and NAC 616.678. Accordingly, we reverse the judgment of the district court and remand this case with instructions that the district court direct SIIS to calculate Donner's disability based on her wages and actual reported tips. In light of this conclusion, we need not reach the parties' remaining contentions.