STATE INDUSTRIAL INSURANCE SYSTEM, an Agency of the State of Nevada, Appellant, v. KENNETH GILES; and DEPARTMENT OF ADMINISTRATION HEARINGS DIVISION APPEALS OFFICER, Respondents.

No. 23893

March 30, 1994                                          871 P.2d 920

*R. Scott Young*, General Counsel, and *Arleen N. Kaizer*, Associate General Counsel, Carson City, for Appellant.

*King, Clark, Gross & Sutcliffe, Ltd.*, Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying a petition for judicial review and letting stand the decision of a State Industrial Insurance System ("SIIS") appeals officer. We conclude that the appeals officer erred in awarding a wage higher than that authorized by statute. Therefore, we reverse.

Respondent Kenneth Giles ("Giles") is the sole proprietor of Kenny Construction Company ("Kenny"). Giles applied for SIIS wage compensation benefits after he injured himself on a Kenny

construction site. Before the injury Giles had paid premiums to SIIS based on a statutory "deemed wage" of $500 per month for a sole proprietor. He had also inadvertently paid premiums based on his actual wages.

Upon review of Giles's claim for wage compensation after the injury, SIIS determined that Giles's "average monthly wage" was the statutory deemed wage, and that Giles could be compensated on that wage basis alone. SIIS also determined that the premium payments that Giles had made based on his actual wages had been made and accepted in error. SIIS refunded the overpayments, set Giles's average monthly wage at $500 under the statute, and awarded a lump sum figure as compensation, based solely on the statute.

Giles appealed the SIIS determination to an appeals officer, claiming that SIIS was estopped from compensating him on the statutory wage alone, because SIIS had accepted the premiums based on Giles's actual wages. In response SIIS argued that the statute provides that sole proprietors may recover only a deemed wage, and that the payments had been accepted in error. The appeals officer agreed with Giles, reversed the SIIS determination and remanded for recalculation of Giles's compensation award.

SIIS filed a petition for judicial review in the district court, seeking a reversal of the SIIS appeals officer's decision. The district court denied SIIS's petition for judicial review and let stand the decision of the appeals officer. SIIS appeals the district judge's denial of its petition.

A reviewing court may set an agency decision aside if the decision is affected by error of law. NRS 233B.135(3)(d). In addition, review in this court on a question of law is de novo. *Id.;* American Int'l Vacations v. MacBride, 99 Nev. 324, 326, 661 P.2d 1301, 1302 (1983); *see also* State, Dep't of Motor Vehicles v. Torres, 105 Nev. 558, 560, 779 P.2d 959, 960-61 (1989).

The Industrial Insurance chapter of the Nevada Revised Statutes provides that if an independent contractor is a sole proprietor he shall be deemed to receive a wage of $500 per month for the purposes of SIIS wage compensation. NRS 616.085(2), 616.114.[1] Giles is an independent contractor and sole proprietor

[1]NRS 616.085(2) provides:

 2. If the subcontractor is a sole proprietor or partnership licensed pursuant to chapter 624 of NRS, the sole proprietor or partner shall be deemed to receive a wage of $500 per month for the purposes of this chapter.

NRS 616.114 provides:

of his company. As a result, Giles is deemed for purposes of SIIS wage compensation to earn $500 per month, the statutory wage.

Sole proprietors may increase their deemed wage by following set procedures mandated by statute. *See* NRS 616.317. This statute, which also provides generally for election of SIIS benefits by sole proprietors,[2] reads:

> 616.317   Election by sole proprietor; physical examination; payment of premiums; effect of failure to pay premiums; withdrawal of election.
>
> 1.   A sole proprietor may elect to be included within the terms . . . of this chapter for the purpose of personally securing compensation equivalent to that to which an employee is entitled for any accidental injury sustained by the sole proprietor . . . by filing a written notice of election with the system.
>
> . . .
>
> 6.   For purposes of this chapter, a sole proprietor shall be deemed to be receiving a wage of $300 per month unless, at least 90 days before any injury for which he requests coverage, he files *written notice* with the system that he *elects to pay* an additional amount of premiums for additional coverage. If the system receives *the additional premiums it requires* for such additional coverage, the sole proprietor shall be deemed to be receiving a wage of $1,800 per month.

(Emphasis added.) Although paragraph one appears to grant a sole proprietor the opportunity to "secur[e] compensation equivalent to that to which an employee is entitled . . . .," paragraph six expressly provides that a sole proprietor's deemed wage is $300.[3] Paragraph six also allows a sole proprietor to increase the

---

"Sole proprietor" means a self-employed owner of an unincorporated business and includes working partners and members of working associations. Coverage remains in effect only if the sole proprietor remains a domiciliary of Nevada.

[2]Sole proprietors are not automatically covered by the SIIS scheme; they are "excluded persons" who may elect coverage under NRS 616.317. *See also* NAC 616.212.

[3]NRS 616.085 provides that contractors who are sole proprietors are deemed to receive $500 in monthly wages. This statutory deemed wage is $200 higher than the deemed wage for sole proprietors who are not also independent contractors. NRS 616.317, the election provision allowing a covered individual to increase the statutory deemed wage, applies to sole proprietors generally and we assume, for purposes of this discussion, that the opportunity to increase the deemed wage under this election provision is extended also to contractors who are sole proprietors.

deemed wage through paying added premiums. Under the statute, however, SIIS must be formally notified in writing, and a specific amount in premium payments must be remitted. *See* NRS 616.317(6); NAC 616.212(2). Even then, the deemed wage will only be increased to a ceiling of $1,800. NRS 616.317(6).

Giles never notified SIIS that he was paying additional premiums to increase his deemed wage, and he never indicated that any overpayments should be applied toward increasing his coverage. Instead, Giles inadvertently paid premiums on a monthly wage of nearly $15,000, well beyond the increased statutory deemed wage. Giles's overpayments were simply made in error. Therefore, the appeals officer erred in concluding that Giles was entitled to more than $500 per month in wage compensation.

Giles argues that SIIS is estopped to deny coverage based upon Giles's actual wages because it accepted premium overpayments based on those wages. This court has stated that "[e]quitable estoppel against a government [is intended] to avoid manifest injustice and hardship to the injured party." Southern Nev. Mem. Hosp. v. State, 101 Nev. 387, 390, 705 P.2d 139, 141 (1985). In addition, this court enumerated four elements required to invoke equitable estoppel against an agency. They are:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, . . . (3) the party asserting [estoppel] must be ignorant of the true state of facts; [and] (4) [that party] must have relied to his detriment on the conduct of the party to be estopped.

*Id.* at 391, 705 P.2d at 142.

SIIS was not apprised of the "true facts" regarding the overpayments. The payments were simply made in error, and SIIS was not aware of the error until an audit uncovered the fact that Giles had been making double payments. In addition, SIIS does not appear to have intended that Giles would act or fail to act because of SIIS's acceptance of the payments.

The only factor in Giles's favor is the third, that Giles was ignorant of the "true state of facts." The payments were undoubtedly made in error, and everyone was ignorant of this fact. Finally, Giles did not act to his detriment as a result of SIIS accepting the payments. Accordingly, the requirements for invoking equitable estoppel against SIIS are absent, and no manifest injustice or hardship exists to require SIIS to compensate Giles based on his actual wages.

We therefore reverse the district judge's order denying the

petition for judicial review and remand this case to SIIS for a recalculation of Giles's award consistent with this opinion.