**Gregory DICUS, Petitioner–Appellant,**

v.

**Frankie Sue DEL PAPA, et al., Respondents–Appellees.**

No. 05–15918.

United States Court of Appeals, Ninth Circuit.

Argued and submitted May 15, 2006.

Filed July 6, 2006.

As Amended on Denial of Rehearing and Rehearing En Banc Sept. 1, 2006.

---

Paul G. Turner, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Thom Gover, Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: RYMER and WARDLAW, Circuit Judges, and SELNA,* District Judge.

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

## MEMORANDUM **

Gregory Dicus, a Nevada state prison inmate, appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction to review pursuant to 28 U.S.C. § 2253. We affirm.

We review the district court's denial of a petition for a writ of habeas corpus *de novo*. *Shackleford v. Hubbard*, 234 F.3d 1072, 1077 (9th Cir.2000). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214, "state court findings of fact are presumed correct unless rebutted by clear and convincing evidence." *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir.2003) (citing 28 U.S.C. § 2254(e)(1)).

Dicus sought relief based on one certified issue, and four uncertified issues. In the certified issue, Dicus contends that his constitutional rights were violated when he was subjected to additional charges after he was transferred back from Texas to Nevada pursuant to a detainer under the Interstate Agreement on Detainers Act (IADA). Dicus actually asserts two claims under the umbrella of our certification: 1) prosecution on charges in excess of those in the IADA detainer, and 2) vindictive addition of the charges.

■ The Nevada Supreme Court found that Dicus failed to cite to any legal authority in support of his argument for a

violation of the IADA, and hence did not consider Dicus's argument as to that issue. *See State Indus. Ins. System v. Buckley,* 100 Nev. 376, 682 P.2d 1387, 1390 (1984). Therefore, on the certified issue, we hold that the Nevada Supreme court found that Dicus's IADA argument was unreviewable, and hence this claim is procedurally defaulted for failure to offer any authority in support.

Even if Dicus's claim was not procedurally defaulted, in this case the violation was at most a technical one, and not a "fundamental defect[ ]" that would warrant habeas relief. *Tinghitella v. California,* 718 F.2d 308, 310–11 (9th Cir.1983) (per curiam).

■ To the extent that Dicus's claim for vindictive prosecution falls within the certified issue, the Nevada Supreme Court also found that this claim was not raised in the Nevada district court, and therefore did not consider the issue. Hence Dicus's claim for vindictive prosecution is procedurally defaulted as well.

We decline to certify any of the uncertified issues. The petition does not demonstrate that reasonable jurists would find the district court's assessment of these constitutional claims "debatable" or "wrong." *Slack v. McDaniel,* 529 U.S. 473, 482–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.