644 P.2d 912

ANTHONY INVESTMENT CO.,
Plaintiff-Appellant,

v.

The ARIZONA DEPARTMENT OF ECONOMIC SECURITY,
Defendant-Appellee.

No. 1 CA–UB 194.

Court of Appeals of Arizona,
Division 1, Department C.

April 22, 1982.

Kay S. Silverman, Phoenix, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by James A. Tucker, Asst. Atty. Gen., Phoenix, for defendant-appellee.

## OPINION

FROEB, Judge.

The question in this case is whether appellant Anthony Investment Co., is liable as an employer for state unemployment contributions pursuant to A.R.S. § 23–601 *et seq.* The stock of appellant corporation is wholly owned by Anthony Silverman and his wife, Kay Silverman. Anthony Silverman is president and executive officer and receives compensation only by. way of commission income. There are no other "employees" of the corporation. The specific issue we address is whether Anthony Silverman is an exempt "employee" under the unemployment compensation law. If he is, the corporation is not liable for unemployment contributions.

The facts, as found by the Board, and which are not disputed by the parties, are as follows:

1. Anthony Investment Company (Corporation) was incorporated in Minnesota in 1976. The corporation moved to Arizona about August 29, 1979, and commenced operations as a licensed registered securities dealer in Arizona in September 1979, the day after Labor Day. The corporation is authorized to do business in Arizona, and maintains its offices at [2990 E. Northern Ave., Phoenix, Arizona]. The officers are Anthony Silverman, president, and Kay Silverman, his wife, secretary-treasurer. Each of them own 50% of the corporate stock. There are no other individuals performing services for the corporation.

2. The corporation buys and sells stocks. The paperwork is done through other firms which currently consist of two Minnesota clearing firms, Equity Securities Trading Co. and J. R. Streichen Co. Commissions are paid to the other clearing firms which, in turn, give Anthony Investment Company a certain percentage of that commission income.

3. The corporation first pays all of its operating expenses such as rent, secretarial expense, equipment, supplies, legal, etc. Secretarial expense represents the expense of an independent answering service used by the corporation. Whatever is left of the corporation's gross income is drawn out by Anthony Silverman by way of commissions from the corporation to Anthony Silverman, paid to him, in part, on a monthly basis. At the end of the year Anthony Silverman makes an adjustment by taking a bonus representing the remainder of his commission after first paying into his pension profit sharing. At all times, however, a certain amount must be kept in net capital pursuant to legal requirements and rules of the Securities Exchange Commission and National Association of Securities Dealers, Inc.

4. Department quarterly wages reports of the corporation show that Anthony

Silverman was paid $12,000 during the third quarter of 1979, and $12,000 during the fourth quarter of 1979, or $4,000 per month.

Appellant presents several arguments in support of its position that it is not liable for unemployment contributions pursuant to Arizona's unemployment compensation laws. We find at least one argument persuasive and therefore reverse the decision of the Unemployment Insurance Appeals Board without reaching the remaining contentions.

A.R.S. § 23–617 (exempt employment) specifies numerous employee categories which are exempt from payment of unemployment contributions. Section 19 of this section relates to securities salesmen, and states as follows:

Service performed by an individual for an employing unit as a securities salesman, if all such service performed by the individual for such employing unit is performed for remuneration solely by way of commission, . . .

As appears from the undisputed facts, the income earned by Anthony Silverman is clearly commission income within the meaning of the foregoing section. Therefore, that aspect of the quoted provision is satisfied.

Whether Silverman is a "securities salesman" within § 23–617(19) is dependent upon whether the meaning of the term is derived solely from Arizona securities laws or whether it has a broader, less technical meaning.

The Securities Act of Arizona contains the following definitions in § 44–1801:

5. "Dealer"

(a) Means a person who directly or indirectly engages full or part time in this state as agent, broker or principal in the business of offering, buying, selling or otherwise dealing or trading in securities issued by another person, and who is not a salesman for a registered dealer or is not a bank or savings institution the business of which is supervised and regulated by an agency of this state or the United States.

(b) Means an issuer who, directly or through an officer, director, employee or agent who is not registered as a dealer under this chapter, engages in selling securities issued by such issuer.

(c) Does not include a person who sells or offers to sell securities exclusively to dealers registered under this chapter, and who has no place of business within this state.

(d) Does not include a person who buys or sells securities for his own account, either individually, or in a fiduciary capacity, but not as a part of a regular business.

. . . .

9. "Person" means an individual, corporation, partnership, association, joint stock company, trust, or any other unincorporated organization.

13. "Salesman" means an individual, other than a dealer, employed or appointed or authorized by a dealer to sell securities in this state. The partners or executive officers of a registered dealer shall not be deemed salesmen within the meaning of this definition.

Appellee contends that since partners and executive officers of a registered dealer "shall not be deemed salesmen," and since Silverman is an executive officer, he could not be deemed a securities salesman under the securities laws and, because statutes should be construed together, he likewise could not be a securities salesman under the unemployment compensation law exemption.

Appellant contends that the securities laws are not controlling in deciding a case under the unemployment compensation laws because of the differing nature and purpose of the securities laws. It points out that the securities laws are regulatory in nature and are concerned primarily with the legal responsibility of persons engaged in the sale of securities, whereas the unemployment compensation laws have as their purpose the alleviation of the effects of unemployment.

It is a well established rule of statutory construction that statutes are to be construed together and that legislative construction of the meaning of certain words in one act is entitled to consideration in construing the same words appearing in another act. *Washington National Insurance Company v. Employment Security Commission*, 61 Ariz. 112, 144 P.2d 688 (1944). The principle was applied in the foregoing case holding that the term "insurance agent" as used in the Employment Security Act had the same meaning as the term was defined in the Insurance Code. This principle of statutory construction is not conclusive, however, as to legislative intent.

It would serve no purpose to dwell at further length on the differing purposes of the securities and unemployment laws. We are persuaded that the definition of "securities salesman" in the unemployment laws was not intended by the legislature to be restricted to the same meaning given the term under the securities laws. The definition of securities salesman in the securities laws specifically provides that partners or executive officers of a registered dealer "shall not be *deemed* salesmen" (emphasis added) so as to require them to be licensed when the dealer for whom they work is licensed. This rationale for providing that executive officers are not salesmen under the securities laws does not apply in construing the unemployment laws. The unemployment laws are concerned not with licensing such persons, but with who are and are not employees. We can think of no reason to hold that an executive officer cannot be a securities salesman within the exemption of the unemployment compensation laws.

The undisputed facts show that Silverman's employment by appellant corporation is in essence that of a securities salesman, notwithstanding the fact that the license to buy and sell securities in Arizona is held by appellant corporation and not by Silverman individually. The issue of whether Silverman is a securities salesman under the unemployment law does not depend upon whether Silverman is separately licensed to buy and sell securities.

For the reasons set forth, we hold that Silverman is an exempt employee and therefore appellant is not liable for unemployment contributions under the unemployment compensation law. The decision of the Unemployment Insurance Appeals Board is reversed and the case is remanded with directions that the Board order appellee to reimburse appellant for all unemployment contributions paid.

EUBANK, P. J., and HAIRE, J., concur.