NEVADA EMPLOYMENT SECURITY DEPARTMENT, APPELLANT, *v.* CAPRI RESORTS, INC., RESPONDENT.

No. 18415

October 24, 1988                                    763 P.2d 50

*Crowell, Susich, Owen & Tackes, Ltd.,* Carson City, for Appellant.

*Donald C. Hill,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

The Nevada Employment Security Department (NESD) investigated the employment status of timeshare sales agents, and

---

[2]THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this appeal.

decided that such agents were employees for purposes of the unemployment compensation law. Timeshare sales agents sell the right to use a certain property for a certain period of time. NRS 119A.130. Respondent, a developer which pays commissions to timeshare sales agents, appealed the decision to a referee and the Board of Review. The decision of the NESD was upheld on each appeal. The district court, however, reviewed the applicable law and concluded that timeshare sales agents were not employees for the purposes of unemployment compensation. We agree with the district court that the NESD took too narrow a view of the law in making its decision. Upon our review of the applicable statutes, we conclude that a timeshare sales agent fits within the statutory exemption created for a licensed real estate salesperson. NRS 612.133.[1] Therefore, the developer is not liable for the payment of unemployment compensation taxes.

A district court owes deference to an administrative decision, but may properly undertake an independent review of the administrative construction of a statute. American Int'l Vacations v. McBride, 99 Nev. 324, 661 P.2d 1301 (1983). The Nevada legislature has enacted law which heavily regulates and controls the activities of timeshare sales agents. First, the legislature defined timeshares as real property interests. NRS 119A.170(4). Next, the legislature delegated regulatory authority over timeshare sales and sales agents to the Nevada Real Estate Division. NRS 119A.190. Developers cannot sell their own shares, and must hire a project broker to oversee the sales agents. NRS 119A.270(4). The sales agents are licensed by the Real Estate Division, and are subject to disciplinary actions by the administrator. NRS 119A.210, 119A.230. The sales agent must apply for the reissuance of his license whenever he begins to work for a new broker, or whenever he changes his sales location, even if he continues to work for the same broker. NRS 119A.220(4). All advertisements and offerings of timeshares must be approved by the Division. NRS 119A.370. We conclude that a fair reading of Chapter 119A reveals legislative intent to place timeshare sales agents squarely within the authority of the Real Estate Division, with all of the corresponding regulatory obligations.

The Real Estate Division has promulgated extensive regulations concerning timeshare sales agents in accordance with its

---

[1]612.133 "Employment": Service by licensed real estate salesman or broker excluded. "Employment" shall not include services performed by a licensed real estate salesman or licensed real estate broker who is employed as a salesman or associate broker by another licensed real estate broker, whether such services are performed for such employer or for a third person, if such services are performed for remuneration solely by way of commission.

statutory duty. *See* Nev. Admin. Code Ch. 119A. Timeshare sales agents must meet the educational requirements set by the Division. NAC 119A.375. Their activities are closely supervised by the project broker, who is also licensed by the Division. NAC 119A.240, 119A.265(2). Each project office is supervised by a licensed real estate broker, who is responsible for reporting to the Division any circumstances surrounding the discharge of a sales agent. NAC 119A.100, 119A.115. The project brokers are responsible for informing the sales agents of the regulatory requirements of Chapter 119A, and any necessary disciplinary measures are taken by the Real Estate Division against the brokers and sales agents. NAC 119A.245, 119A.290.

In our opinion, the regulatory structure created by the legislature and the Real Estate Division indicates that timeshare sales agents should be treated the same as other licensed real estate salespersons for purposes of unemployment compensation law. Logic and consistency of the law require such a result. Timeshare sales agents work under virtually the same conditions as real estate brokers. Their hours are not controlled, and they are compensated solely by means of commissions on sales. Their activities are controlled in large part by a regulatory authority, and not the particular developer for whom they are selling timeshares. They are therefore not employees as contemplated by the unemployment compensation statutes. This view is shared by the Internal Revenue Service and several other states. *See* 26 U.S.C. § 3508; Grubb & Ellis Co. v. Spengler, 143 Cal.App. 3d 890 (1983); Property Holding & Dev., Inc. v. Employment Sec. Dept., 549 P.2d 58 (Wash.App. 1976); *see also* Anthony Inv. Co. v. Ariz., etc., 644 P.2d 912 (Ariz.App. 1982) (securities salesman paid only by commission not subject to unemployment taxes).

We conclude that the activities of timeshare sales agents are clearly analogous to those of licensed real estate salespersons, and are thus exempt from the definition of "employment." NRS 612.133. We therefore affirm the decision of the district court.