STATE INDUSTRIAL INSURANCE SYSTEM, AN AGENCY OF THE STATE OF NEVADA, APPELLANT, v. REBECCA ANN WOODALL, RESPONDENT.

No. 20979

October 25, 1990                                    799 P.2d 552

R. Scott Young, General Counsel, Carson City, and William A. Zeigler, Associate General Counsel, Las Vegas, for Appellant.

James M. Stuart, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent, Rebecca Ann Woodall, sustained a compensable industrial injury on September 16, 1987, when she slipped and fell during her shift as a card dealer at the Pioneer Club in Laughlin, Nevada. Woodall's compensation at the Pioneer Club included her monthly salary of $441.80, as well as any tip income she received from her customers.

Woodall filed a claim with the State Industrial Insurance System ("SIIS") for temporary total disability benefits because of her injury. Subsequently, SIIS informed Woodall that she would receive benefits, but that these benefits would be based upon her monthly salary of $441.80 only. SIIS refused to include Woodall's tip income as part of her monthly wages. This resulted in smaller disability benefits for Woodall and, therefore, she sought relief in an appeal to an administrative hearing officer.

The hearing officer rejected Woodall's request for relief. The officer reasoned Woodall was barred from including her tip income as part of her average monthly wage because she had not

reported her tips to her employer, the Pioneer Club, pursuant to the tip reporting guidelines established in NRS 616.401.[1]

Woodall appealed again to a Nevada Department of Administration appeals officer who found: (1) Woodall was not aware of the reporting requirements of NRS 616.401 because she had not received assistance from SIIS or her employer on how to comply with the statute; (2) Woodall's employer was already aware of her tip income and probably kept track of the tip income through an internal audit; and (3) Woodall had filed an income tax return for 1987 declaring $7,100.00 as tip income.

The appeals officer then concluded a liberal and practical construction of NRS 616.401 was appropriate. In applying such a construction to the statute and the above findings of fact, the appeals officer concluded "that any reasonable notice, such as notice to the IRS, is sufficient notice to comply with NRS 616.401." Woodall was given the relief she requested. SIIS was ordered to include her tip income as part of her average monthly wage and, consequently, Woodall's disability benefits from SIIS were increased.

---

[1]NRS 616.401 provides:

616.401 Election by employee to report his tips; effect; regulation.

1. An employee may elect to report the amount he receives as tips for the purpose of the calculation of compensation by submitting to his employer a written notice of election to report his tips. The employee must make his election separately for each pay period before the end of the next pay period. The declaration may not be amended.

2. Upon receipt of such notice the employer shall:

(a) Make a copy of each report which the employee has filed with the employer to report the amount of his tips to the United States Internal Revenue Service;

(b) Stamp or attach to the copy a declaration to be signed by the employee under penalty of perjury which states that the contents of the report are true;

(c) Require the employee to sign the declaration;

(d) Submit the copy to the system upon request and retain another copy of his records or if the employer is self-insured, retain the copy for his records; and

(e) If he is not self-insured, pay the system the premiums for the reported tips at the same rate as he pays on regular wages, beginning 3 months after he receives the first notice of the election of the employee to report tips.

3. An employee who elects to report his tips is not eligible to receive increased compensation based on those tips until 3 months after his employer receives the notice of election to report his tips.

4. The department shall adopt regulations specifying the form of the declaration required pursuant to subsection 2.

5. The system or the self-insured employer shall calculate compensation for an employee on the basis of wages paid by the employer plus the amount of tips reported after the employee has become eligible for increased compensation pursuant to subsection 3.

SIIS then filed a petition for judicial review with the district court. On judicial review, the district court concluded that employees who had to report their tip income to an employer did not have to comply with the tip reporting requirements of NRS 616.401, but, instead, reported their tip income pursuant to NRS 616.027(2).[2] The district court further reasoned it would be "fundamentally unfair" not to include Woodall's tips, reported to the Internal Revenue Service in an annual tax return, as part of her gross income for workman's compensation purposes. Based upon these conclusions, the district court affirmed the appeals officer's decision that any reasonable notice, including notice to the Internal Revenue Service in an annual tax return, is sufficient notice to comply with the reporting requirements established in NRS 616.401. This appeal followed.

### REPORTING TIPS PURSUANT TO NRS 616.027(2)

The issues presented involve the proper construction of two statutes, NRS 616.027(2) and NRS 616.401, and, therefore, independent appellate review is appropriate. Nevada Emp. Sec. Dep't v. Capri Resorts, 104 Nev. 527, 763 P.2d 50 (1988).

The district court compared NRS 616.027(2) and NRS 616.401, and concluded these two statutes conflicted with each other where NRS 616.027(2) does not establish a particularized procedure for reporting tips while NRS 616.401 does. The district court felt this conflict required judicial interpretation of the statutes, and, after such an interpretation, reasoned NRS 616.401 was remedial legislation intended to cover a specific "class" of persons who had exclusive knowledge of their tip income.[3] The district court further reasoned that NRS 616.027(2) was intended to cover another "class" of tip earners who *did not* have exclusive knowledge of their tips, but could be required by their employers to report tip income. Based upon this analysis, the district court concluded that any employee like Rebecca Woodall, whose employer was aware of the amount of tip income the employee received, reported their tip income for the purposes of compensation benefits pursuant to NRS 616.027(2) and were *not*

---

[2]NRS 616.027(2) provides:

> 2. For the purposes of this section, "wage" is increased by the amount of tips reported by an employee to his employer except:
> (a) Tips in a form other than cash; and
> (b) Tips in cash which total less than $20 per month.

[3]The district court cited waitresses and taxi drivers as examples of employees who would fall within this "class", apparently because these employees could take tips from customers and conceal the tips from their employers.

required to comply with the voluntary tip reporting procedure outlined in NRS 616.401 in order to get SIIS disability payments based upon that tip income. We reject this analysis.

NRS 616.027(2) defines an employee's "average monthly wage" to include cash tips *reported* by an employee to his employer unless the tips total less than $20.00 per month. However, this statute does not establish a *procedure for reporting* tips to either the employer, or to SIIS. More importantly, NRS 616.027(2) does not require the employer to pay increased premium payments to SIIS based upon the reported tip income, while NRS 616.401 does. *See* NRS 616.401(2)(e).

NRS 616.027(2) and NRS 616.401 complement each other, and are not ambiguous as the district court suggests. NRS 616.027(2) defines the terms of NRS 616.401, while NRS 616.401 sets forth a procedure for reporting tips to the employer and to SIIS. These two statutes should be read in conjunction with each other, not polarized. Since these two statutes do not conflict with each other, and are not ambiguous in this regard, the district court's statutory interpretation was not warranted.

Further, the district court's construction defeats the purpose of NRS 616.401. Even if an employee must report tip income to the employer, a reporting mechanism is helpful to insure that records of the employee's tips are kept, and that the employer in turn reports the income to SIIS so that a premium on the tip income will be paid. If records are not accurate, and if increased premiums for the reported tip income are not paid to SIIS, then SIIS may be required to pay benefits on income not factored into their actuarial.[4]

Finally, if two separate classes were intended by NRS 616.027(2) and NRS 616.401, the legislature would have indicated as much in the statutes themselves so the judiciary would not be required to divine such a rule out of thin air.

In sum, then, NRS 616.027(2) does not create a special "class" of employee that can ignore the tip reporting guidelines of NRS 616.401.

## REPORTING TIPS BY FILING AN ANNUAL TAX RETURN

The district court also affirmed the appeals officer's conclusion

---

[4]NRS 616.1701(1) provides in pertinent part:

1. The state industrial insurance system is hereby established as an independent actuarially funded system for the purpose of insuring employers against liability for injuries and occupational diseases for which their employees may be entitled to benefits under this chapter or chapter 617 of NRS, and the federal Longshoremen's and Harbor Worker's Compensation Act.

that any reasonable notice, including notice to the Internal Revenue Service in an annual tax filing, is sufficient notice to comply with NRS 616.401. Here, the first question asks whether NRS 616.401 contemplates any kind of reasonable notice of tip income from the employee. We hold that it does.

NRS 616.401(1) provides that "[a]n employee may elect to report the amount he receives as tips for the purpose of the calculation of compensation by submitting to his employer a *written notice* of election to report his tips." (Emphasis added). This statute does not specifically prescribe the type of notice required, as long as it is *written notice*. Nonetheless, SIIS argues that employees must use a prescribed form specified by NAC 616.673[5] to report tip income pursuant to NRS 616.401. This demand is overly restrictive.

A reasonable, liberal and practical construction of workman's compensation statutes is preferable to a narrow one where these statutes are enacted for the purpose of giving compensation, not for denying it. SIIS v. Buckley, 100 Nev. 376, 381, 682 P.2d 1387, 1390 (1984); Industrial Commission v. Peck, 69 Nev. 1, 239 P.2d 244 (1952). Under a reasonable liberal and practical construction of the statute, we conclude NRS 616.401 contemplates any type of reasonable notice of tips to the employer.[6] Therefore, the failure to use the special form specified in NAC 616.673 does not act as a bar to workman's compensation benefits for tip income reasonably reported to an employer under NRS 616.401(1).

The next question asks whether Woodall reasonably reported her tip income when she declared the tip income on her annual tax filing to the Internal Revenue Service. We hold she did not.

---

[5]NAC 616.673 provides:

> An employee who elects to declare, pursuant to NRS 616.401, the amount he receives in cash tips in the calculation of his average monthly wage must use the form entitled "Employee's Notice of Election to Report Tips."

[6]SIIS argues that NRS 616.401(4) compels the creation and use of the NAC 616.673 form by employees who report tip income to their employer pursuant to the statute. We disagree.

NRS 616.401(4) requires "[t]he department [to] adopt regulations specifying the form of the declaration required pursuant to *subsection 2* [of NRS 616.401]." (Emphasis added.) A close examination of NRS 616.401 indicates that the declaration referred to in subsection 2 is one that the employee must sign under penalty of perjury, stating that the contents of the employee's report of tips is true. This statute does not refer to the written notice of tips the employee is required to provide an employer in *subsection 1* of NRS 616.401.

If courts construe a tax return as reasonable notice of tips pursuant to NRS 616.401, then every tip employee in Nevada who complies with mandated federal tax law on an annual basis will automatically include their tips in their wages for the purposes of workman's compensation benefits, yet their employers may not pay premiums on that tip income to SIIS because the employers may not recognize a mandatory annual tax filing as notice of the tip income under the voluntary scheme of NRS 616.401(1). While a ruling from this court could inform employers that a tax filing is reasonable notice under NRS 616.401, we elect not to make such a ruling where an *annual* tax filing is involved for the following reasons.

First, an annual tax return may be filed *after* a tip employee is injured as is demonstrated by this case. Woodall reported her tip income for 1987 in an attachment to her Internal Revenue Service 1040 Form. This form was signed on April 11, 1988, and was presumably sent to the IRS sometime thereafter. Woodall sustained her injury on September 6, 1987, and it appears she received notice from SIIS that her benefits would be calculated upon her monthly salary, excluding tips, on or about December 31, 1987. Therefore, Woodall reported her tip income on her 1987 tax return approximately seven months *after* she was injured, and approximately three months *after* she received the notice from SIIS that the tip income would not be included in her monthly wage assessment. Allowing an employee to provide notice of tip income for increased compensation benefits after an injury occurs invites abuse. Employees who otherwise would not have reported the tips in their annual federal tax return, may elect to do so after an injury occurs so they can receive added disability benefits.

Second, such a tax filing is filed once a year. This conflicts with NRS 616.401 which requires that the written notice of an election to report tips be made to an employer separately for each pay period *before* the end of the next pay period. *See* NRS 616.401(1). An IRS annual tax return will not be filed for each pay period, before the end of the next pay period, unless an employee is only paid once a year.

For these reasons, the filing of an annual federal income tax return is not the type of ''reasonable notice'' contemplated by NRS 616.401, and, accordingly, we reverse the order of the district court.