STATE OF NEVADA, DEPARTMENT OF EMPLOYMENT SECURITY, AND STANLEY P. JONES, EXECUTIVE DIRECTOR OF EMPLOYMENT SECURITY DEPARTMENT, APPELLANTS, v. HARICH TAHOE DEVELOPMENTS, RESPONDENT.

No. 21764

February 20, 1992 825 P.2d 1234

*Crowell, Susich, Owen & Tackes,* Carson City, for Appellants.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell* and *Karen A. Peterson,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

### Facts

Respondent, Harich Tahoe Developments (Harich), is a developer and owner of a time-share resort in Nevada known as The Ridge Tahoe. Harich's time-share representatives attempt to induce potential buyers to visit The Ridge Tahoe where licensed real estate salespeople attempt to sell time shares in the resort. The time-share representatives work in booths leased by Harich and located in various casinos in the Tahoe area.

During the first two weeks of work, time-share representatives are paid $7.50 per hour or the commissions they earn, whichever is the greater amount. After the first two weeks, time-share representatives are paid on a commission basis only. The time-share representatives receive a $100.00 commission from Harich for each solicited contact who visits the resort and purchases a time share. Moreover, Harich authorizes the time-share representative to solicit and retain, from the prospective purchaser, a $5.00 reservation fee.

In November, 1987, appellant Nevada Employment Security Department (NESD) advised Harich of NESD's determination that Harich's time-share representatives were Harich's employees and therefore reportable for unemployment purposes. Harich unsuccessfully appealed NESD's determination to the NESD referee who sustained the agency's position concerning the status of the time-share representatives and the fact that taxes were owed by Harich. Thereafter Harich sought review of the referee's decision by the NESD Board of Review. The Board of Review left the referee's decision intact by declining to review the case. Harich then filed a petition for judicial review in the district court and succeeded in obtaining a reversal of the Board's decision with respect to time-share representatives paid solely by commission.

## Discussion

In reviewing the decision of NESD's Board of Review, this court's prerogatives are the same as those of the district court, i.e., to determine from the agency record whether the Board's decision was supported by substantial evidence. Lellis v. Archie, 89 Nev. 550, 516 P.2d 469 (1973). On review, neither this court nor the district court may substitute its judgment or evaluation of the record developed at the agency level for that of the Board; judicial review of the Board's decision is limited to issues of law. State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 676 P.2d 1318 (1984).

In resolving the issue of the status of time-share representatives it is necessary to refer to Nevada statutory law concerning the meaning of "employment" as it relates to entitlements and exemptions under our unemployment compensation scheme. The pertinent statute, NRS 612.085, adopts a general presumption of covered employment subject to three areas of exception:

"Employment": Services deemed employment unless specific facts shown. Services performed by an individual for wages shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the executive director that:

1. Such individual has been and will continue to be free from control or direction over the performance of such services, both under this contract of service and in fact;

2. Such service is either outside the usual course of business for which such service is performed or that such service is performed outside of all the places of business of the enterprises for which such service is performed; and

3. Such service is performed in the course of an independently established trade, occupation, profession or business in which the individual is customarily engaged, of the same nature as that involved in the contract of service.

The evidence of record before the Board supports the Board's decision concluding, by its denial of review of the referee's findings, that the time-share representatives are employees covered by NRS chapter 612. The time-share representatives perform their services on premises owned or leased by Harich, and are subject to termination for failure to produce. Moreover, Harich tells the representatives where, when, and how to work, even to the extent of requiring them to follow a written script prepared by Harich as a means of inducing contacts to tour

Harich's time-share resort property. Finally, the time-share representatives perform their services in the usual course of Harich's business, without benefit of an independently established trade, occupation, business, profession or other attributes or typifications of independence.

Harich nevertheless contends, and the district court agreed, that time-share representatives are exempt under the provisions of NRS 612.133. We disagree. The statutory definition of "employment" in NRS 612.133 excludes services performed by "licensed real estate salesman." For purposes of the unemployment compensation law "licensed real estate salespersons" includes licensed time-share "sales agents." Nevada Emp. Sec. Dep't v. Capri Resorts, 104 Nev. 527, 528, 763 P.2d 50, 51-52 (1988). Sales agents who sell time shares in real property are treated the same as other licensed real estate salespersons. *Capri*, 104 Nev. at 529, 763 P.2d at 52. However, a time-share "representative" is not a "sales agent" or a "licensed real estate salesperson." NRS 119A.120. A representative does not sell time shares in real estate, and may not sell any real estate. NRS 119A.120. A representative merely induces others to attend sales presentations. NRS 119A.120. Although time-share representatives must register and pay a registration fee, they are not licensed and specially educated as a prerequisite to the performance of their services. NRS 119A.240. The fact that time-share representatives may earn their remuneration by commission only is of no relevance.

Because a time-share representative is not a time-share sales agent or a licensed real estate salesperson, time-share representatives' services constitute employment and are not exempt under NRS 612.133. It follows, therefore, that time-share representatives are employees for purposes of the unemployment compensation law, and are not exempt from employment status under either NRS 612.085 or NRS 612.133.

Unlike such professionals as doctors, lawyers, accountants, and real estate specialists, time-share representatives are not members of an established profession. Time-share representatives are part of a class of non-professional Nevada citizens who are entitled to the protection of the unemployment compensation laws. The legislature enacted these laws "to provide temporary assistance and a measure of economic security for individuals who become involuntarily unemployed." Airport Casino v. Jones, 103 Nev. 387, 390, 741 P.2d 814, 816 (1987). The public policy underlying Nevada's unemployment compensation laws coupled with the language of NRS Chapters 119A and 612 reflect a legislative intent to include the activities of time-share repre-

sentatives within the definition of "employment" for purposes of unemployment compensation law.

### Conclusion

For reasons specified above, we reverse the district court order holding that time-share representatives fall within the exception to the definition of "employment" set forth in NRS 612.133, and remand with instructions to reinstate NESD's administrative decision.