An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TOWN OF PAHRUMP, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA,
Appellant,
vs.
NYE COUNTY, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA; AND SANDRA L. MERLINO,
IN HER OFFICIAL CAPACITY AS NYE
COUNTY CLERK,
Respondents.

No. 62953

**FILED**

MAY 0 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment denying declaratory relief on a ballot issue. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Respondent Nye County, acting through its board of county commissioners, voted at a public meeting to place a question on the next general election ballot, pursuant to NRS 269.022, regarding whether or not the town board form of government for appellant Town of Pahrump should be discontinued.

Pahrump, acting through its town board, filed a complaint in district court seeking declaratory relief and a preliminary injunction barring Nye County and the Nye County Clerk, respondent Sandra Merlino (collectively, Nye), from placing the question on the ballot. Nye opposed Pahrump's request for a preliminary injunction and filed

14-14937

affidavits from four of the five commissioners, stating that they believed discontinuing the town board form of government was in Pahrump's best interests. The district court refused to grant a preliminary injunction, the question was placed on the ballot, and a majority of the voters voted to discontinue the town board. After the election, Nye and Pahrump filed cross-motions for summary judgment and stipulated that the matter was ripe for disposition based on all previous filings in the case. The district court granted summary judgment in favor of Nye, and Pahrump appealed.

On appeal, Pahrump argues that the district court erred by concluding that NRS 269.022 did not require the commission to make an express determination that the town board form of government was no longer in the best interests of Pahrump.

*Standard of review*

We review a district court's order granting a motion for summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate "if the pleadings, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." NRCP 56(c).

*The district court did not err by concluding that NRS 269.022 does not require an express finding by the commission*

Pahrump argues that NRS 269.022 requires the commission to expressly find that the town board form of government is not in the best interests of Pahrump. Nye responds that NRS 269.022 merely requires that the commission's decision be based on such a rationale, but no express finding is required.

We review a district court's interpretation of a statute de novo and give clear and unambiguous statutory language its plain meaning. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007). "A statute is ambiguous if it is capable of being understood in two or more senses by reasonably well-informed persons." *Id.* Where a statute is ambiguous, we interpret it in light of its context and spirit and seek to give effect to the intent of the Legislature. *Id.* at 476-77, 168 P.3d at 737-38.

NRS 269.022 provides that "[i]f the board of county commissioners *determines* that the best interests of the town are no longer served by a town board form of government, it may order the question to be put on the ballot at the next general election." (Emphasis added.) NRS Chapter 269 does not define "determines," and both Pahrump's and Nye's interpretations appear reasonable. Accordingly, we conclude that NRS 269.022 is ambiguous, and we seek to interpret the statute to give effect to the Legislature's intent. *See D.R. Horton, Inc.*, 123 Nev. at 476-77, 168 P.3d at 737-38.

Comparison to other Nevada statutes suggests that, if the Legislature intended to require some formal recitation of the NRS 269.022 best interests determination, it would have done so explicitly. *See State Indus. Ins. Sys. v. Woodall*, 106 Nev. 653, 657, 799 P.2d 552, 555 (1990) (stating that if the Legislature intended a particular result, "the [L]egislature would have indicated as much in the statutes themselves so the judiciary would not be required to divine such a rule out of thin air.") For example, NRS 244.290(2) provides: "If the board *determines* that . . . reconveyance [of real property] would be in the best interest of the county

and its residents, the board may *formally adopt a resolution* stating that determination." (Emphases added.) In addition, NRS 244.2815(2)(b) allows a board of county commissioners to dispose of real property only if the board "[a]dopt[s] a resolution finding that it is in the best interest of the public to" dispose of the property. NRS 244.281(1)(a) similarly provides that a board of county commissioners may take action if it "has determined by resolution" certain facts. Likewise, NRS 318.490(1) allows a board of county commissioners to alter a general improvement district if "a *majority of the members of the board* . . . deem it to be in the best interests of the county and of the district, . . . [and] the board of county commissioners shall so *determine by ordinance,* after [certain facts are] first *found, determined and recited in the ordinance.*" (Emphases added.) In each of these statutes, the Legislature explicitly required a determination to be formalized in an ordinance or resolution. In contrast, NRS 269.022 merely requires a determination and never mentions a resolution, ordinance, or other formal or express statement of this determination, suggesting that no formal or express determination is required.

The purpose and context of NRS 269.022 further supports this relaxed interpretation of "determines." *See D.R. Horton, Inc.,* 123 Nev. at 476-77, 168 P.3d at 738. The commission's determination that the town board form of government no longer served Pahrump only allowed the question to be placed on the ballot for the voters to ultimately decide. *See* NRS 269.022. The Legislature could reasonably have concluded that less formality was necessary under these circumstances because the voters themselves have the opportunity to express agreement or disagreement with the determination by voting. Allowing the commission to make an

informal determination thus accords with the context and purpose of NRS 269.022.

We therefore conclude that NRS 269.022 only requires a board of county commissioners to base its decision on the best interests of the town and does not require a board of county commissioners to expressly or formally state its rationale.[1]

*Conclusion*

The record indicates that a majority of the commissioners believed that the town board form of government no longer served the best interests of Pahrump, and this is all that NRS 269.022 requires. We therefore conclude that the district court did not err by granting Nye's motion for summary judgment.

---

[1]In addition, Pahrump argues that the commissioners' affidavits could not cure the commission's failure to expressly determine that the town board form of government no longer served Pahrump's best interests. Because we conclude that NRS 269.022 does not require such an express determination, we reject this argument.

Pahrump further argues that it did not stipulate to the district court's construction of the facts and genuine issues of material fact remain. Pahrump waived this argument by stipulating that the matter was ripe for disposition without a hearing. *See Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). Pahrump also fails to indicate which facts it disputes, and the record directly supports the district court's findings of fact. *See* NRAP 28(a)(9)(A), (e)(1) (stating that briefs must provide citations to parts of the record on which the party relies). Accordingly, we also reject this argument.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre


_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta


cc:     Hon. Robert W. Lane, District Judge
        Armstrong Teasdale, LLP/Reno
        Nye County District Attorney
        Nye County Clerk